IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

                              Plaintiff,

          v.                                                OPINION and ORDER

IVAN BORDIAN,                                               24-cr-92-jdp

                              Defendant.

---

Defendant Ivan Bordian pled guilty to one count of knowingly possessing a credit card skimmer with intent to defraud, in violation of 18 U.S.C. § 1029(a)(4). He moves to compel the production of witness interview reports that he argues likely contain statements that impeach the witness or otherwise bear on his culpability, which will be considered at sentencing on January 8, 2025. Dkt. 24. In response, the government argues it has produced all exculpatory, material evidence in line with *Brady* and *Giglio*, and that defendant's argument is too speculative. Dkt. 25. For the reasons below, I will refer this matter to Magistrate Judge Anita Marie Boor for *in camera* review of the documents in question.

BACKGROUND

In June 2024, Bordian was arrested in La Crosse, Wisconsin, for installing credit card skimmers on two ATMs in a store. As part of discovery, the government produced a witness interview report. Dkt. 24-1. Bordian claims this report wholly inculpated him, while containing contradictory statements. Later, Bordian learned there were subsequent interviews with the same witness, reports for which the government did not produce. Bordian filed this motion to compel the production of the reports related to those subsequent interviews, claiming they may

contain additional contradictory statements that impeach the witness's credibility and may also mitigate Bordian's culpability.

The government contends that it has reviewed the reports and identified no *Brady* or *Giglio* material. It also argues that the reports are not otherwise discoverable under Rule 16 because the government did not intend to call the witness at trial or at any other hearing.

ANALYSIS

Prosecutorial suppression of material evidence favorable to an accused violates Due Process. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). This includes evidence relevant to a witness's credibility. *Giglio v. United States*, 405 U.S. 150, 153–54 (1972). When a defendant moves to obtain *Brady* or *Giglio* material, as opposed to arguing after a final disposition that the government failed its duty to produce such material, mere speculation that a government file may contain such material is insufficient to require *in camera* inspection. *United States v. Morris*, 957 F.2d 1391, 1402–03 (7th Cir. 1992). The defendant must make a plausible showing sufficient to convince the court that *in camera* review is warranted. *See id.*; *see also United States v. Jumah*, 599 F.3d 799, 809–10 (7th Cir. 2010).

Defendant seeks to compel production of the withheld interview reports, arguing they are relevant to his theory of defense and mitigation at sentencing. Dkt. 24, at 14. Specifically, defendant argues that the witness's subsequent interviews likely contain inconsistent statements that will impeach their initial statements about defendant's culpability, which may shed light on defendant's role in the crime and allow him to argue for a guideline reduction at sentencing. *Id.*, at 2. Defendant bolsters his argument by noting the witness made contradictory statements in the first interview report. *Id.* at 3. Defendant contends that he is entitled to

discover the reports or, at minimum, that the court should conduct an *in camera* review. Dkt. 24, at 11, 16.

The government responds by reaffirming it has complied with its obligations under *Brady* and *Giglio*, and that defendant's theory of relevancy of the documents is too speculative to require production under Rule 16. Dkt. 25, at 2–3. The government cites several cases wherein district courts denied motions to compel reports of witness interviews when the government affirmed that it will not call the witness at trial. *Id.* at 2. But those cases are not quite on point because the discovery demands there asked for any and all witness statements, whereas here the defense has pointed to a specific witness and their connection to the case. Also, the governments' cases did not involve a situation where the government produced one report memorializing an initial interview but withheld subsequent reports. Finally, these cases are not grounded in the context of sentencing, where hearsay reports may be admissible.

"The question of how a trial court should adjudicate a dispute over potential *Brady* material is within that court's discretion[,]"and the Seventh Circuit has commended district courts use of *in camera* review of documents in close cases. *United States v. Phillips*, 854 F.2d 273, 277 (7th Cir. 1988). This is one such close case. I credit the government's assurance that it has complied with its obligations to produce exculpatory material. But if that alone were enough to foreclose *in camera* review, the court would never order such relief.

Here, defendant has persuasively argued that the witness's initial interview report contains inconsistent statements; it is thus plausible that reports of any subsequent interviews may also contain inconsistent statements and shed light on defendant's role in the crime. If that is the case, defendant could rely upon those reports to argue for a sentencing reduction or

other mitigation. Because defendant has made a plausible showing that *Brady* material exists, *Morris*, 957 F.2d at 1402–03, *in camera* review is appropriate.

## ORDER

IT IS ORDERED that defendant's motion to compel evidence, Dkt. 24, is referred to Magistrate Judge Anita Marie Boor to conduct an *in camera* review and issue a report and recommendation. The government must submit the undisclosed reports to Magistrate Judge Boor for *in camera* review within 7 days of this order.

Entered November 27, 2024.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge